UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO A. NAVARRO-SILVA,<br><br>Plaintiff,<br><br>v.<br><br>WELLPATH MEDICAL SERVICES,<br><br>Defendant. | Case No. 26-cv-00100-RMI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 12 |

Plaintiff, a former detainee proceeding pro se, filed a civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend, and Plaintiff has filed an amended complaint.

**DISCUSSION**

**1. Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Pleadings submitted by pro se parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement needs to give the defendant fair notice of the nature of the claim and the grounds upon

United States District Court<br>Northern District of California

which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include detailed factual allegations in a complaint, the complaint must do more than recite elements of a cause of action and state conclusions; rather, a plaintiff must state factual allegations sufficient to raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The Supreme Court has explained the standard this way: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### 2.  Legal Claims

Plaintiff alleges that jail medical staff provided inadequate medical care.

A claim for a violation of a pretrial detainee's right to adequate medical care arises under the Fourteenth Amendment. *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018). The claim is evaluated under an objective deliberate indifference standard.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id*. at 1125. With regard to the third element, the defendant's conduct must be objectively unreasonable—"a test that will necessarily turn[] on the facts and circumstances of each particular care." *Id*. (citations and internal quotation marks omitted). The mere lack of due care by a state

United States District Court
Northern District of California

2

United States District Court
Northern District of California

official is not enough. *See Alexander v. Nguyen*, 78F.4th 1140, 1144–46 (9th Cir. 2023) (psychiatrist's failure to move pretrial detainee to different unit following attack from fellow patient did not violate 14th Amendment because psychiatrist acted reasonably by considering relevant factors, evaluating risk of future violence against detainee and effect of transfer on detainee's treatment, and implementing measures to reduce incidents of future incidents, and treatment exceeded accepted professional standards). The four-part test articulated in *Gordon* requires the plaintiff to prove more than negligence, but less than subjective intent—something akin to reckless disregard. *Gordon*, 888 F.3d at 1125.

Plaintiff states that on July 21, 2025, an unidentified Defendant prescribed him Tylenol, even though his file indicated that he was allergic to that medication. Plaintiff states that he came into contact with the medication which resulted in an allergic reaction, including hives. He requested medical assistance, but staff refused to provide any treatment or an antihistamine. On October 14, 2025, Plaintiff was again provided Tylenol which resulted in the same allergic reaction and adequate medical care was denied. Plaintiff also states that unidentified Defendants failed to provide adequate treatment, pain management, or physical therapy for injuries to his ankle, back, neck, herniated disks, and nerve damage.

While the amended complaint provides more allegations, it is dismissed with leave to amend to provide additional information. Regarding the Tylenol, Plaintiff should indicate how he came into contact with it—for example, if he swallowed Tylenol pills—and how the allergic reaction put him at substantial risk of suffering serious harm. He must also identify the specific Defendants involved. He should describe their actions and how his constitutional rights were violated. He identified doctors in the original complaint but did not identify anyone in this amended complaint. With respect to the denial of treatment for his physical injuries, he must also provide more information describing the specific injuries, what treatment was required, which Defendants denied the treatment, and how the denial of treatment made the conditions worse.

Plaintiff also requests the appointment of counsel. There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Although district courts may "request" that counsel represent a litigant who is proceeding *in forma pauperis* as

Plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, Plaintiff argues that he has limited knowledge of the law and suffers from pain, nerve damage, and limited mobility. These circumstances are not sufficiently "exceptional" to warrant appointment of counsel at this time. The Court determines that this action does not present complex legal issues, and thus far Plaintiff has ably litigated this case despite his medical issues. It is too early in this litigation for the Court to determine the likelihood of success on the merits. The motion is denied without prejudice.

### CONCLUSION

1. The motion to appoint counsel (dkt. 12) is **DENIED** without prejudice. The amended complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The second amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed, and it must include the caption and civil case number used in this order and the words "SECOND AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original Complaint by reference. Failure to amend within the designated time will result in dismissal of this case.

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk, headered "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

United States District Court
Northern District of California

**IT IS SO ORDERED.**

Dated: May 28, 2026

_____
ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California