UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCISCO A. NAVARRO-SILVA,
Plaintiff,
v.
WELLPATH MEDICAL SERVICES,
Defendant.

Case No. 26-cv-00100-RMI

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a former detainee proceeding pro se, filed a civil rights complaint under 42 U.S.C. § 1983. The amended complaint was dismissed with leave to amend, and Plaintiff filed a second amended complaint.

**DISCUSSION**

**1. Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Pleadings submitted by pro se parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement needs to give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include

United States District Court
Northern District of California

detailed factual allegations in a complaint, the complaint must do more than recite elements of a cause of action and state conclusions; rather, a plaintiff must state factual allegations sufficient to raise the entitlement to relief "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The Supreme Court has explained the standard this way: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**2. Legal Claims**

Plaintiff alleges that jail medical staff provided inadequate medical care.

A claim for a violation of a pretrial detainee's right to adequate medical care arises under the Fourteenth Amendment. *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018). The claim is evaluated under an objective deliberate indifference standard.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id*. at 1125. With regard to the third element, the defendant's conduct must be objectively unreasonable—"a test that will necessarily turn[] on the facts and circumstances of each particular care." *Id*. (citations and internal quotation marks omitted). The mere lack of due care by a state official is not enough. *See Alexander v. Nguyen*, 78F.4th 1140, 1144–46 (9th Cir. 2023) (holding

that psychiatrist's failure to move pretrial detainee to different unit following attack from fellow patient did not violate 14th Amendment because psychiatrist acted reasonably by considering relevant factors, evaluating risk of future violence against detainee and effect of transfer on detainee's treatment, and implementing measures to reduce incidents of future incidents, and treatment exceeded accepted professional standards). The four-part test articulated in *Gordon* requires the plaintiff to prove more than negligence, but less than subjective intent—something akin to reckless disregard. *Gordon*, 888 F.3d at 1125.

To impose municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)) (internal quotation marks omitted).

If a plaintiff cannot identify an unconstitutional policy of the government agency, the plaintiff must "produce evidence creating a triable issue of fact regarding the existence of an unconstitutional practice or custom." *Gordon v. Orange County*, 6 F.4th 961, 974 (9th Cir. 2021) (no custom or practice was shown where the record lacked evidence of any other event involving similar conduct or constitutional violations). "[A] single incident of unconstitutional activity is not sufficient to impose liability under *Monell*." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985).

Plaintiff states that he suffered from severe back pain and limited mobility when he was taken to jail. On July 21, 2025, an unidentified Defendant prescribed him Tylenol, even though his file indicated that he was allergic to that medication. Upon handling the Tylenol, Plaintiff suffered an allergic reaction including itching and hives. He immediately requested medicine to counteract the allergic reaction, but the Defendant did not provide the medicine, and the reaction lasted approximately six to eight hours. On October 14, 2025, Plaintiff was provided Tylenol by another unidentified Defendant which resulted in the same allergic reaction. Adequate medical care was

again denied resulting in six to eight hours of the allergic reaction. Plaintiff also alleges that his requests for an MRI and an extra mattress to address his back pain were denied. Plaintiff identifies no Defendants involved in these denials or when they occurred.

The allegations in the second amended complaint are substantially similar to the allegations from the prior complaint. Plaintiff was previously informed that he needed to identify specific Defendants and describe their actions and how they violated his constitutional rights. Plaintiff names two doctors, but he does not describe their roles in his medical care other than that they were supervisors. He was also told to describe how the allergic reaction put him at substantial risk of suffering serious harm as it appears the allergic reactions only resulted in itching and hives. Plaintiff has not addressed these issues. He fails to identify the actions of any specific Defendants, and he does not address the allergic reaction and how he was at risk of serious harm. If the two named doctors were responsible for the inadequate medical care, Plaintiff must provide specific details of their involvement.

Plaintiff also presents a claim against the County pursuant to *Monell*. Plaintiff does not present sufficient allegations that there was a policy, practice, or custom that was a moving force behind the alleged constitutional violations. He only describes how medical care was not properly provided for his case. Plaintiff cannot present a *Monell* claim with his current allegations, and he must provide more information. To establish that the County should be held liable under *Monell*, Plaintiff must identify the rights violated by that agency's policy or practice, provide details on that policy or practice, and explain how the policy or practice specifically caused his injuries.

The second amended complaint is dismissed with leave to amend to address the issues noted above. It is unlikely that further amendment will be allowed.

**CONCLUSION**

1. The second amended complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The third amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed, and it must include the caption and civil case number used in this order and the words "THIRD AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the

United States District Court
Northern District of California

claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original Complaint by reference. Failure to amend within the designated time will result in dismissal of this case.

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk, headered "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 23, 2026

ROBERT M. ILLMAN
United States Magistrate Judge